MRS. A. E. FANT ET AL. *v.* JAS. DUNBAR, ADMINISTRATOR, ET AL.

1. PURCHASE BY GUARDIAN.    *Use of ward's money. Resulting trust. Election.*

     Where a guardian has bought land in his own name, partly with his own money and partly with money of his ward, the latter, on coming of age, may elect either to take a ratable interest in the land or to charge upon it the amount of his money so used and interest. He cannot elect to take the entire land.

2. SAME.    *Right of ward. Accounting. Election.*

     Before making such election, the ward is entitled to have accounts stated in both aspects, in order that he may choose that which is more beneficial to him.

FROM the chancery court of Noxubee county.

HON. W. T. HOUSTON, Chancellor of the second district, presided by interchange.

In 1871, S. P. Fant died intestate, leaving as his heirs his widow and three minor children, Ida, Iley and S. P. Fant. With the exception of an insurance policy of $5,000 in favor of his heirs, he left no estate. Soon after his death, Dr. J. C. Fant qualified as guardian of said minors, and collected their interest in the insurance policy, amounting to $3,660.29, which sum he reported to the court in his inventory and accounts. Without obtaining an order of court therefor, he immediately loaned the entire amount to a mercantile firm, taking their note for $4,026.27, due December 23, 1872, which amount included interest to maturity. He reported the loan to the court, which declined to approve it, and the amount, with interest thereon, was carried forward in the accounts of the guardian as being money in his hands, and, in his accounts, he was allowed credit for the interest, which, as the only income of the wards, he had expended for their support. Meantime, in 1873, the firm to which the guardian had loaned the money of said wards, being unable to repay the loan, exe-

cuted to Dr. Fant, in his own name, a deed to a store-house and lot in Macon, Miss., reciting as the consideration the sum of $4,099.48, being the amount of the principal and interest due at that time. The deed was executed and delivered with the understanding that it was to stand as a mortgage until January 1, 1874, when, if the debt was not sooner paid, it was to be absolute, and in full payment of the loan and interest. The debt was not paid, and Dr. Fant took possession of the store-house, and continued in possession until his death in 1889, and, during this time, he paid the taxes, insurance and repairs, and collected the rents. At his death, his widow took possession, and has continued in possession ever since.

The guardianship was never settled, and the amount due by Dr. Fant, as guardian, to his said wards, was not paid, and, in March, 1890, Iley W. Fant filed his bill against the heirs of his said guardian, reciting the circumstances of the purchase of the lot as above narrated, and praying that a resulting trust be established in his favor to the extent of a third interest therein. This bill was answered by the defendants, and, apart from the defense noticed in the opinion, many other matters of controversy were introduced into the suit, mostly relating to the course of the guardianship and the rights of the parties growing out of the collection by the guardian of the rents and profits of the lot and his expenditures for taxes, insurance and repairs. In view of the opinion, which is confined to the consideration of a single point, it is not necessary to state the facts touching these matters.

Pending the suit, complainant, Iley W. Fant, died, and the cause was revived in the name of James Dunbar, his administrator. Before a final disposition thereof, S. P. Fant, another of the wards, having come of age, also filed a bill, setting up substantially the same facts in regard to the guardianship and the purchase of the store-house and lot, but, instead of asking that a trust be declared in his favor as to a one-third interest in the house and lot, he claimed the right

71 Miss.—37

of electing whether to take a proportionate interest therein, or to claim an accounting for his money so expended and interest, as constituting a charge on the property.

These two causes were by consent consolidated. The court below rendered a decree finding the facts as to the guardianship and purchase of the property as above stated, and decreeing that the complainants, Iley W. Fant and S. P. Fant, by virtue of the unauthorized loan of their funds, and the purchase by their guardian in his own name of the house and lot in payment of the principal and interest of the loan, became entitled each to a third interest in the house and lot, and a like interest in the rents collected therefrom. On the other hand, the decree allowed, as against the rents, all proper sums expended by the guardian for taxes, insurance and repairs on the property.

The decree also adjusted other matters of controversy between the parties, but the only provision thereof specially noticed by this court is that which gave complainants each a third interest in the house and lot, notwithstanding the consideration of the conveyance thereof to Dr. Fant exceeded by about $700 the principal of the amount belonging to the wards, which had been loaned to the owners of the property. Although such excess represented interest on the loan, it will be borne in mind that the guardian in his accounts had been allowed for expenditures in behalf of the wards as against this interest, which represented their income. The defendants have appealed.

*A. C. Bogle,* for appellants.

The decree is manifestly erroneous in denying Dr. Fant credit either for moneys expended for the wards before 1874 or for money of his own invested in the store-house and lot. True, while the money was loaned the interest was accumulating, but the guardian was expending the equivalent of that interest for the support of the wards, and his accounts for such expenditures were approved. To allow complain-

ants the whole of the property that represents the loan and interest would be, in effect, to require the guardian to support them at his own expense, and also to allow them interest on their money in his hands. Complainants cannot elect to take the land, and at the same time treat the money as a loan to the guardian himself. They must ratify the loan from the beginning, or not at all. They must ratify the action of the guardian as an entirety, or reject it altogether. We submit that the extent of complainants' right is to establish a resulting trust in the property.

*Rives & Rives,* for appellees.

The court rightly decreed to each complainant a third interest in the house and lot. While the accounts of the guardian prior to 1874 showed expenditures of the income of wards, it is not shown that this income was actually collected. The law, in allowing the guardian to expend the income, did not mean merely the earned income. We submit that the law contemplates that the guardian must collect the income which he expends; otherwise, the spending of what his accounts merely showed is earned income, may in fact amount to spending the corpus of the estate. The law does not permit guardians to allow the income to accumulate uncollected while they expend the corpus.

COOPER, J., delivered the opinion of the court.

On the evidence it is entirely certain what part of the purchase-price of the lot described in the pleading and evidence was the money of his wards, and what part was the money of Dr. Fant, the guardian. Under these circumstances, his wards had the right, at their election, to charge their money, with interest, upon the lot, or to take an interest therein proportionate to the amount of their money that went into it as compared to the purchase-price. They have not the right to elect to take the entire interest in the property, for that would be to appropriate not their own but the property of

the guardian.  Before making their election, the wards are entitled to have accounts stated in both aspects, and, being thus advised, to elect that which is the more beneficial to them.

Decree reversed and cause remanded.